UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------------------------------------X
:
ALIA BAPTISTE,                                    :    Case No.: 8:18-cv-00981-EAK-MAP
:
                Plaintiff,          :
    v.                                              :
:
PROG LEASING, LLC                                 :
d/b/a PROGRESSIVE LEASING,                        :
:
                Defendant.          :
---------------------------------------------------------------X

**DEFENDANT'S *UNOPPOSED* MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Pursuant to 9 U.S.C. § 1 *et seq*. and M.D. Fla. L.R. 3.0, Defendant Prog Leasing, LLC ("Prog Leasing"), through its undersigned counsel, hereby moves, unopposed for an order compelling Plaintiff Alia Baptiste ("Plaintiff") to arbitrate the claims contained in the Complaint in accordance with the parties' arbitration agreement. In support thereof, Prog Leasing states as follows:

**FACTUAL BACKGROUND**

1. On March 29, 2017, Plaintiff entered into a lease with purchase rights (the "Lease") with Prog Leasing. A true and correct copy of the Lease is attached to the Motion as Exhibit A.

2. Under the Lease, Plaintiff leased furniture (the "Property"). *See* Exhibit A.

3. The Lease contains an arbitration provision. At the very top of the Lease, it conspicuously states:

> **THIS LEASE CONTAINS AN ARBITRATION PROVISION (SEE ¶ 14(a)). UNLESS YOU PROMPTLY REJECT THE ARBITRATION PROVISION (SEE ¶ 13(a)), THE ARBITRATION PROVISION WILL HAVE A,**

**SUBSTANTIAL EFFECT ON YOUR RIGHTS IN THE EVENT OF A DISPUTE . . . .**

4. Paragraph 14(a) provides that "you [Plaintiff] and we [Prog Leasing] agree that either party may elect to arbitrate or require arbitration of any claim under this Arbitration Provision. *See* Exhibit A, Lease at ¶ 14(a).

5. The same paragraph of the Lease defines "we" as "related parties - all our parent companies, subsidiaries and affiliates . . . ." *Id*. at ¶ 14(b)(i).

6. The Lease defines "Claim" as "any claim, dispute or controversy between you and us (including any Related Party) that arises from or relates in any way to this Lease or the Property (including any amendment, modification or extension of this Lease); . . . any of our marketing, advertising, solicitations and conduct relating to this Lease, the Property and/or a prior Lease and related property; [and] our collection of any amounts you owe . . . ." *Id*. at ¶ 14(b)(ii).

7. Further, the Lease provides that "Claim" "is to be given the broadest reasonable meaning and includes claims of every kind and nature, including but not limited to, initial claims, counterclaims, cross-claims and third-party claims, and claims based on constitution, statute, regulation, ordinance, common law rule (including rules relating to contracts, torts, negligence, fraud or other intentional wrongs) and equity." *Id*.  The Lease also states that "Claims" "includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief." *Id*.

8. The Lease specifically allows Prog Leasing to compel arbitration if Plaintiff files a Claim against it: "If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of the Claim(s) asserted in the lawsuit." *See* Exhibit A, Lease at ¶ 14(c)(i) ("A demand to arbitrate a Claim may be given in papers or motions in a lawsuit.").

9. The Complaint asserts claims against Prog Leasing for alleged violations of the Florida Consumer Collection Practices Act ("FCCPA") and the Telephone Consumer Protection Act ("TCPA"). *See generally* Complaint. It also asserts a claim of invasion of privacy-intrusion by seclusion. *Id*.

10. Plaintiff alleges that Prog Leasing violated the TCPA and the FCCPA by making phone calls to Plaintiff's cellular phone number without Plaintiff's consent. *Id*. Plaintiff also alleges that the same conduct resulted in an invasion of her privacy. *Id*.

## THE COURT SHOULD COMPEL ARBITRATION AND STAY PROCEEDINGS

11. The Federal Arbitration Act ("FAA") provides that a written arbitration agreement contained in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

12. The FAA applies here because the parties expressly agreed that "the Lease involves interstate commerce and this Arbitration Provision shall be governed by the FAA, and not Federal or state rules of civil procedure or any state laws that pertain specifically to arbitration. *See* Exhibit A, Lease at ¶ 14(i).

13. Federal law strongly favors the arbitration of disputes and requires that courts rigorously enforce arbitration agreements. *See Marmet Health Care Center v. Brown*, 132 S. Ct. 1201, 1203 (2012); *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012); *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982); *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015).

14. Here, Plaintiff agreed to arbitrate "any claim, dispute or controversy . . . that arises from or relates in any way to this Lease or Property." *Id*. at ¶ 14(c)(ii)

15. The Lease further provides that the arbitration provision covers Prog Leasing's "collection of . . . of amounts" owed." *Id.*

16. The Complaint asserts that the alleged TCPA and FCCPA violations and the alleged invasion of Plaintiff's privacy occurred while Prog Leasing "attempt[ed] to collect a debt from Plaintiff by this campaign of telephone calls." *See* Compl. at ¶ 31.

17. Courts routinely compel arbitration of such TCPA and FCCPA claims. Accordingly, the arbitration agreement covers Plaintiff's claims and should be enforced. *See, e.g., Betancourt v. Green Tree Servicing, LLC*, No. 8:13-cv-2759-T-30AEP, 2013 U.S. Dist. LEXIS 176728, at *11 (M.D. Fla. Dec. 17, 2013) (compelling arbitration of an FCCPA claim); *Jones v. Sallie Mae, Inc.*, No. 3:13-cv-837-J-99MMH-MCR, 2013 U.S. Dist. LEXIS 170968, at *18-19 (M.D. Fla. Sept. 20, 2013) (granting defendant's motion to compel arbitration of plaintiff's TCPA and FCCPA claims); *Owings v. T-Mobile USA, Inc.*, 978 F. Supp. 2d 1215, 1224-25 (M.D. Fla. 2013) (holding that "[p]laintiff's claims of TCPA and FCCPA violations fall within the scope of the arbitration clause set forth in Service Agreement").

18. Once a court determines that claims are subject to arbitration, all proceedings must be stayed pending arbitration. *See* 9 U.S.C. § 3 (providing that "the court. . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration. . . shall on application of one of the parties stay the trial of the action. . . ."). This provision is "mandatory" and courts lack discretion to deny the request to stay. *See, e.g., Puro Systems, Inc. v. Bevilacqua*, 2010 WL 3259966, at *1 (S.D. Fla. August 18, 2010) (observing that "[t]he Eleventh Circuit prefers that district courts stay rather than dismiss arbitrable claims."). Accordingly, the instant lawsuit should be stayed pending the completion of arbitration.

WHEREFORE, Defendant Prog Leasing, LLC respectfully requests that this Court enter an Order compelling arbitration, staying the proceedings and for such other and further relief that the Court deems just and proper.

Dated: May 16, 2018                                          BALLARD SPAHR LLP

                                          By:      /s/ *Jenny N. Perkins*
                                                   Jenny N. Perkins, Esquire
                                                   Florida Bar No. 77570
                                                   perkinsj@ballardspahr.com
                                                   BALLARD SPAHR LLP
                                                   1735 Market Street, 51st Fl.
                                                   Philadelphia, PA 19103
                                                   Telephone: (215) 864-8378
                                                   Facsimile: (215) 864-8999
                                                   *Attorneys for Defendant Prog Leasing, LLC*

**CERTIFICATE OF COUNSEL**

Pursuant to M.D. Fla. L.R. 3.01(g), prior to filing this motion undersigned counsel for Defendant Prog Leasing, LLC conferred with Plaintiff's counsel regarding the relief requested herein. By telephone call and email dated May 16, 2018, counsel for Plaintiff stated that Plaintiff does not oppose the relief requested herein.

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of May, 2018, a true and correct copy of the foregoing was served via the CM/ECF system on:

William B. Bowles, Jr., Esq.
The Consumer Protection Firm
4030 Henderson Blvd.
Tampa, FL 33629
BillBowles@TheConsumerProtectionFirm.com

*/s/ Jenny N. Perkins*
Jenny N. Perkins